FILED

JAN 0 6 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(314) 498-4256** | Case No. 12-mj-3007-DGW<br><br>**Filed Under Seal** |

### APPLICATION AND AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, **CHRIS BOYCE**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(314) 498-4256** (the "**TARGET TELEPHONE**"), whose service provider is **Simple Mobile**, a wireless telephone service provider headquartered at 111 Pacifica #160, Irvine, CA 92618. The **TARGET TELEPHONE** is a prepaid cellular telephone with no subscriber information, but utilized by Stacy Harden and was activated on October 26, 2010. The **TARGET TELEPHONE** is further described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

I am a Deputy with the United States Marshals Service (USMS), currently assigned to the Southern District of Illinois, East St. Louis office. I have been so employed by the USMS for almost 9 years. I have participated in numerous fugitive investigations and, among other things, have conducted and/or participated in surveillances, the execution of search warrants, debriefing of informants and reviews of taped conversations. I am authorized under Title 28, United States Code, Section 564, and Title 18, United States Code, Section 3053 to enforce the laws of the United States.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, Confidential Sources (referred to as CS's), and Sources of Information (referred to as SOI's). This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that **Stacy HARDEN** is a fugitive that has been charged in a sealed indictment with violations of Title 21, United States Code, Sections 841(a)(1) and that **HARDEN** is using the **TARGET TELEPHONE**, to continue his drug trafficking. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the apprehension of **HARDEN**.

## PROBABLE CAUSE

4. For the reasons set out in this affidavit, there is probable cause to believe that the TARGET OFFENSES have been committed, are being committed, and will continue to be committed by **Stacy HARDEN**.

## BACKGROUND OF INVESTIGATION

5. Members of the investigative team and I are investigating Stacy HARDEN who is a fugitive and is communicating over the **TARGET TELEPHONE**.

6. Your affiant further states that there is probable cause to believe that signaling information, including cell site information, precision location information, and factory installed GPS information will lead to evidence of the aforementioned criminal offenses, as well as to the identification of individuals who are engaged in the commission of those criminal offense and related crimes.

2

7. On December 14, 2011, a one-count suppressed indictment charging Stacy HARDEN with possession with intent to distribute cocaine was returned in the Southern District of Illinois. The United States Marshals Service has been conducting a fugitive investigation and attempting to locate **Stacy HARDEN**. The **HARDEN** investigation has been assigned to Deputy United States Marshal Chris Boyce.

8. The drug investigation was conducted by the Drug Enforcement Administration (DEA). As part of that investigation, DEA Special Agent Michael Rehg had spoken to **HARDEN** on the **TARGET TELEPHONE** several times, the last time being about two months ago.

9. Additionally, a Confidential Source, who has been proven reliable and whose information has been corroborated, reports he/she spoke to **HARDEN** on the **TARGET TELEPHONE** as recently as last week.

10. Finally, a DEA subpoena requesting information on the **TARGET TELEPHONE** yielded information that the **TARGET TELEPHONE** is registered as a cellular telephone and the provider is listed as **Simple Mobile**. The records were received on December 28, 2011. Records show that **TARGET TELEPHONE** has been active since October 26, 2010, and has been pre-paid through January 21, 2012.

12. Based on HARDEN's history, he is believed to be in Texas.

13. In my training and experience, I have learned that **Simple Mobile** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at

3

least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

14. Based on my training and experience, I know that **Simple Mobile** can collect E-911 Phase II data about the location of the **TARGET TELEPHONE**, including by initiating a signal to determine the location of the **TARGET TELEPHONE** on **Simple Mobile's** network or with such other reference points as may be reasonably available.

15. Based on my training and experience, I know that **Simple Mobile** can collect cell-site data about the **TARGET TELEPHONE**.

## AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

17. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

4

30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **TARGET TELEPHONE** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18.     I further request that the Court direct **Simple Mobile** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **Simple Mobile**. I also request that the Court direct **Simple Mobile** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **Simple Mobile** services, including by initiating a signal to determine the location of the **TARGET TELEPHONE** on **Simple Mobile** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate **Simple Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

19. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET TELEPHONE** outside of daytime hours.

20. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

CHRIS BOYCE
Deputy
United States Marshals Service

Subscribed and sworn to before me on January 6th, 2012

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF ILLINOIS

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(314) 498-4256**, (the "**TARGET TELEPHONE**"), whose wireless service provider is **Simple Mobile** a company headquartered at **111 Pacifica #160, Irvine, CA 92618**. The TARGET TELEPHONE is a prepaid cellular telephone with no subscriber information, but utilized by Stacy HARDEN.

2. Information about the location of the **TARGET TELEPHONE** that is within the possession, custody, or control of **Simple Mobile**, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of the **TARGET TELEPHONE** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **TARGET TELEPHONE**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **Simple Mobile**, **Simple Mobile** is required to disclose the Location Information to the government. In addition, **Simple Mobile** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **Simple Mobile's** services, including by initiating a signal to determine the location of the **TARGET TELEPHONE** on **Simple Mobile's** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **Simple Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).